**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

QUINTAVIOUS LUNDY,

    Plaintiff,

v.

HOMER BRYSON; JAMES K. COX, JR.;
KIMBERLY LOWE; and WILLIAM
STEEDLY,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-71

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Ware State Prison in Waycross, Georgia, filed this Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Additionally, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction, (doc. 4), and a Motion for Leave to File a Supplemental Complaint, (doc. 9). For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Leave to File a Supplemental Complaint, (doc. 9). However, the Court should **DENY** Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, (doc. 4).

## BACKGROUND

In his Complaint, Plaintiff contends that Defendants placed him in Tier II administrative segregation at Ware State Prison due to his affiliation with the Goodfellas Gang. (Doc. 1, p. 2.) Plaintiff alleges that, although he has completed each phase of the Tier II program, he remains confined in the administrative segregation unit. Plaintiff maintains that Defendant Steedly refused to provide Plaintiff with a 90 day review assignment appeal form in which Plaintiff could contest

his continued confinement in the Tier II Unit. (Id.) Plaintiff contends that conditions in the Tier II administrative segregation unit are punitive in nature because Defendants deny him outdoor recreation time, deny him access to personal property, prevent him from purchasing hygiene items and other commissary items, and confiscate and destroy his mail. (Id. at pp. 3–4.) As a remedy, Plaintiff requests a declaration that Defendants' actions violated his constitutional rights, as well as compensatory and punitive damages. (Id. at p. 5.) In addition, Plaintiff requests a temporary restraining order and preliminary injunction ordering that Defendants release him from administrative segregation. (Doc. 4.)

## DISCUSSION

### I. Motion for Leave to File a Supplemental Complaint

Under Rule 15(d), a court may "on motion and reasonable notice . . . and on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Although Rule 15(d) deals with events subsequent to the pleading to be altered, courts routinely apply Rule 15(a)'s "freely given" standard to Rule 15(d). McGrotha v. FedEx Ground Package Sys., Inc., No. 5:05-cv-391, 2007 WL 64057, at *2 (M.D. Ga. Feb. 24, 2007); see also Bornholdt v. Brady, 869 F.2d 57, 68 (2d Cir. 1989) (The granting of supplemental pleadings is at "the discretion of the court, and . . . should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party.")

Here, Defendants have not yet been served with Plaintiff's original Complaint and the Supplement to Plaintiff's Complaint arising out of the same series of transactions and events. Accordingly, Plaintiff's proposed supplement will not cause undue delay or prejudice the rights of

Defendants. Therefore, the Court **GRANTS** Plaintiff's Motion for Leave to File a Supplemental Complaint. Plaintiff need not file a supplemental complaint, as his Supplemental Complaint, (doc. 9-1), has been deemed filed with the Court. The Court will review both the original Complaint and the Supplemental Complaint during its frivolity review. Additionally, the Clerk of Court is hereby **DIRECTED** to add the following Defendants, named in Plaintiff's Supplemental Complaint, to the docket of this case: Thomas Gramiak, Warden of Ware State Prison; and Elizabeth Bowles, Ware State Prison Chief Counselor.

**II.     Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff has also filed a Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 4.) In that Motion, Plaintiff requests that the Court Order Defendants to release Plaintiff from the Tier II administrative segregation unit.

To be entitled to a preliminary injunction or a temporary restraining order, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison

administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to a preliminary injunction or temporary restraining order. Specifically, Plaintiff has not shown the likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury. This is not to say that Plaintiff will not be able to ultimately obtain some form of injunctive relief in this case. However, he has not made the requisite showing at this time to obtain the extraordinary relief he currently seeks. Therefore, the Court should **DENY** his Motion for a Temporary Restraining Order.

## CONCLUSION

For the above stated reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File a Supplemental Complaint, (doc. 9). However, the Court should **DENY** Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, (doc. 4).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Order and Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of October, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA